THE BOARD OF SUPERVISORS of the County of La Salle, Pltffs in Error v. THE TOWN OF SOUTH OTTAWA, Defts in Error.

### AGREED CASE FROM LA SALLE.

The Board of Supervisors, in such counties as have adopted the township organization, are required to provide for the support of the paupers of the county. There is no foundation for a distinction between county and town paupers.

The town of South Ottawa, brought an action in the La Salle Circuit Court, against the board of supervisors of that county, to recover the sum of one hundred dollars, for the support and care of a pauper, from June 1st, 1850, to March 25th, 1851. A jury was waived, and the cause was submitted to the Court for trial. T. L. Dickey, Judge, presided, the finding was for the plaintiffs, damages assessed at fifty-two dollars and fifty cents, and a judgment accordingly. The defendants excepted to the finding of the Court. The following agreement was filed of record. "It is hereby agreed that the only questions of law, arising in this case are as follows: Are the boards of supervisors of those counties organized under the act entitled, "An act to provide for township and county organization, under which every county may organize whenever a majority of voters of such county, at any general election, shall so determine." Approved, February 12th, 1849, required by that law to provide for the support and maintenance of paupers, or are the towns of such counties, required by the same law to support the paupers within their limits? It is agreed also that La Salle county is organized under said act, and that the town of South Ottawa, is one of the organized towns of said county. It is further agreed that if the Supreme Court decide, that the Board is required by the act aforesaid, to support paupers, the judgment herein shall be affirmed, and if the said Court decide that the towns are to support their own paupers, the judgment is to be reversed."

E. S. LELAND, for Pltffs in Error.

CHAMPLIN & WALLACE, for Deft in Error.

Towns are not liable, at common law, for the support of paupers. 14 Mass. R., 399; such liability must be created by express statute.

The statute of this State, have created created a liability in the county to support paupers. R. S. ch. 80, § 3, 4, 6, 7, 8, 12 & 15. This liability has not been changed by the township law of February 12, 1849. Art. 5, § 2; Art. 6, § 2; Art. 11, § 1; Art. 11, § 5; Art. 16, § 3 & 13; Township law of February 12, 1849. These are all the provisions of the act of February 12, 1849, in any manner relating to the subject of paupers.

It could not have been the intention of the legislature, that enacted the law of February 12, 1849, to change the liability of the county, and impose it upon the towns. The act of February 17, 1851, which remodels and repeals the act of February, 1849, contains the same provisions as the act of 1849. Session Laws, 1851, p. 35. That same legislature passed law requiring the towns of the counties of Lake and Tazewell, on certain conditions, to support the paupers within their limits. Session Laws, 1851, p. 183 & 195; Art. 11, § 1 & 5, and Art. 16, § 13, Township Law of 1849, are conflicting, and the latter section must prevail. Dwarris Stat., 658; 6 Dane's Digest, 588, § 17, *ibid*, 591, § 8; 1 Kent's Com., 463.

TRUMBULL, J.    This case presents the question, whether the board of supervisors of such counties as have adopted the township organization, are required to provide for the support of the paupers of the county, or whether each town is required to support its own paupers.

At the time the county of La Salle adopted the township organization, and at this time, in all counties where it has not been adopted, the poor are a county charge, for the support of which, the county commissioners' court is required to provide. Unless, therefore, there is something in the act, providing for a township organization, which changes the burden of providing for the poor, from the county to the towns, it would seem that the county would still be required to make that provision.

That the act to provide for township and county organization, contains no direct provision, making it the duty of each town to provide for its own paupers, is admitted; but it is said that such a duty is inferrable from various provisions of that act. If this were so, it would be a sufficient answer to all such inferences to say, that the act makes no provision whatever, whereby the towns are to raise the means to support their poor. But the legislature

have not left this question doubtful or uncertain. In the thirteenth section of the sixteenth article of the act to provide for township and county organization, in force April 16, 1849, it is expressly declared whose duty it shall be to provide for the poor. That section is as follows: "It shall be the duty of the board of supervisors to take charge of the poor, and the management of the poor houses in their respective counties, that is given to the county commissioners' court, and the overseers of the poor of the several towns shall be accountable to, and their compensation shall be audited by the board of supervisors, and paid by the county."

It is difficult to conceive how the legislature could more clearly have expressed their intention, that the board of supervisors should take charge of the poor at the expense of the county.

There is no foundation in the act for a distinction between county paupers and town paupers. Such a distinction had never, at that time, been recognized as existing in this State, and the plain, obvious meaning of the act is, that all the poor of the county shall be maintained at the expense of the county.

The judgment of the Circuit Court is affirmed.

*Judgment affirmed.*